**NEW YORK STATE ELECTRIC & GAS CORPORATION, a/k/a New York State Gas & Electric Corporation, Plaintiff–Appellant,**

v.

**SARANAC POWER PARTNERS, L.P., Lockport Energy Associates, L.P., Federal Energy Regulatory Commission, The Public Service Commission of the State of New York, The Chairman of the Public Service Commission of the State of New York, The Deputy Chairman of the Public Service Commission of the State of New York and Individual Commissioners of the Public Service Commission of the State of New York, Defendants–Appellees.**

**Docket No. 00–6346.**

United States Court of Appeals, Second Circuit.

Argued June 25, 2001.

Decided Oct. 5, 2001.

---

Richard M. Lorenzo, Katherine W. Constan, Huber Lawrence & Abell, New York, NY, on the brief, for Plaintiff–Appellant.

Merrill L. Kramer, P.C., Washington, DC, (Daniel Joseph, and Michael L. Converse, Akin, Gump, Strauss, Hauer & Feld, L.L.P., on the brief), for Defendant–Appellee Saranac Power Partners, L.P.

Robert F. Shapiro, Washington, DC, (Lynn N. Hargis, Chadbourne & Parke LLP, on the brief), for Defendant–Appellee Lockport Energy Associates, L.P.

Michelle L. Phillips, Albany, NY, (Lawrence G. Malone, on the brief), for Defendant–Appellee Public Service Commission of the State of New York.

David H. Coffman, Washington, DC, (Dennis Lake, Solicitor, and Kevin P. Madden, on the brief), for Defendant–Appellee Federal Energy Regulatory Commission.

Before MINER and LEVAL, Circuit Judges, and SCULLIN, District Judge.*

PER CURIAM:

Plaintiff New York State Electric & Gas Corporation ("NYSEG") appeals from a judgment entered on September 29, 2000, in the United States District Court for the Northern District of New York (Mordue, J.), dismissing its complaint against the Federal Energy Regulatory Commission ("FERC"), the Public Service Commission of the State of New York ("PSC") and various officials of the PSC, Saranac Power Partners, L.P. ("Saranac"), and Lockport Energy Associates, L.P. ("Lockport").

In the first count of its complaint, NYSEG alleged that FERC violated the Public Utility Regulatory Policies Act ("PURPA") and the Administrative Procedures Act ("APA") by failing to take any action with respect to NYSEG's petition (1) for a declaratory order that its contracts with Saranac and Lockport violated PURPA and (2) for modification of rates imposed in its PURPA power purchase agreements ("PPAs") with Saranac and Lockport. NYSEG also alleged that in its order denying NYSEG's petition FERC declared a new administrative rule, the "continuous challenge" rule, which constituted improper rulemaking under the APA.

In its second and third claims for relief, NYSEG alleged that PSC's orders which set long-run avoided costs ("LRACs") and directed NYSEG to enter into the Saranac and Lockport contracts violated PURPA and its implementing regulations as well as the Supremacy Clause of the United States Constitution. NYSEG's fourth claim constituted an enforcement action against PSC pursuant to § 210(h)(2)(B) of PURPA for its alleged failure to implement PURPA properly.

NYSEG's fifth, sixth, and seventh causes of action alleged illegality of the PPAs, frustration of purpose, and mutual mistake under New York contract law against Saranac and Lockport.

We affirm for substantially the same reasons as those set forth in the district court's memorandum-decision and order. See New York State Elec. & Gas v. Saranac Power Partners, L.P., 117 F.Supp.2d 211 (N.D.N.Y.2000).

---

* The Honorable Frederick J. Scullin, Jr., Chief United States District Judge for the Northern District of New York, sitting by designation.

## I. BACKGROUND

We assume familiarity with the facts of this case, which, together with the issues raised, were examined in the well-reasoned and comprehensive decision of the district court. *See id.* Although we agree with the district court's ultimate conclusion that all of NYSEG's claims should be dismissed, we write to address one minor aspect of the district court's opinion regarding two of NYSEG's claims against FERC with which we disagree.

## II. DISCUSSION

The district court concluded that it was "without subject matter jurisdiction to entertain any of NYSEG's claims against FERC." *Id.* at 237. We disagree and hold that, pursuant to the APA, the district court had subject matter jurisdiction over two of NYSEG's claims against FERC; i.e., its claim that FERC promulgated a new rule, the "continuous challenge" rule, without providing for a notice and comment period before that rule took effect and its claim that FERC's decision not to initiate rulemaking to address the divergence between PPA rates and actual avoided costs violated PURPA.[1]

"The APA empowers federal courts to 'hold unlawful and set aside agency action, findings, and conclusions found to be ... without observance of procedure required by law....'" *Zhang v. Slattery,* 55 F.3d 732, 744 (2d Cir.1995) (quoting 5 U.S.C. § 706(2)). In most instances, agency "'rule[s]' must be subjected to a notice and comment period before taking effect." *Id.* (citing 5 U.S.C. § 553) (footnote omitted). However, the APA excepts rules that are merely interpretive

from this general procedure. *See Sweet v. Sheahan,* 235 F.3d 80, 90 (2d Cir.2000) (citing 5 U.S.C. § 553(b)(A)).

Since the APA itself does not define "interpretive," courts have established several general criteria to distinguish interpretive rules from "substantive" or "legislative" rules, which must comply with the APA's notice and comment provisions. *See id.* at 90–91 (citations omitted). In this circuit, we have stated that "legislative rules are those that 'create new law, right, or duties, in what amounts to a legislative act.'" *Id.* at 91 (quoting *White v. Shalala,* 7 F.3d 296, 303 (2d Cir.1993)). "'Interpretive rules, on the other hand, do not create rights, but merely "clarify an existing statute or regulation."'" *Id.* (quoting *United States v. Yuzary,* 55 F.3d 47, 51 (2d Cir. 1995) (quoting *White,* 7 F.3d at 303)) (other citation omitted).

NYSEG argues that FERC violated the APA when it announced its "continuous challenge" rule without providing for a notice and comment period before that rule took effect because that rule creates a new duty—"to obtain relief one must challenge a PURPA contract from the outset and maintain that challenge until such time as FERC decides to act[,]" Appellant's Brief at 45, which is not found anywhere else in FERC's regulations.

We conclude, as the district court did, that FERC's "continuous challenge" rule, to the extent that it can be considered a rule at all, is interpretive and, thus falls under § 553(b)(A)'s exception to the requirement for a period of notice and comment. *See New York State Elec. & Gas,* 117 F.Supp.2d at 231 (quoting *Zhang,* 55

---

1. It appears that the district court recognized that it had jurisdiction over NYSEG's two "rulemaking" claims under the APA because it ruled on the merits of both of those claims. Thus, it may be that the district court's statement that it was "without subject matter jurisdiction to entertain any of NYSEG's claims against FERC[,]" 117 F.Supp.2d at 237 (footnote omitted), inadvertently swept too broadly.

F.3d at 745). As the district court noted, this rule "is no more than FERC's reiteration of its 'general policy "against invalidating contracts for which a PURPA— based challenge was not timely raised— that is, before the contracts were executed," so as not "to upset the settled expectations of parties to, and to invalidate any of their obligations and responsibilities under, such [executed] PURPA sales contracts." ' " *Id.* at 232 (quotation and footnote omitted). Accordingly, we hold that FERC was not required to provide for a notice and comment period prior to promulgating its "continuous challenge" rule and, thus, its failure to do so did not violate the APA.

 Likewise, we conclude that FERC's decision not to initiate rulemaking to address the divergence between PPA rates and actual avoided costs was not arbitrary and capricious. Although under § 210(a) of PURPA, FERC is required "from time to time thereafter [to] revise" rules requiring electric utilities to offer both to sell and purchase electric energy from qualifying cogeneration facilities, 16 U.S.C. § 824a–3(a), the statute does not require FERC to do so at any particular interval or every time it is requested to do so. Moreover, where, as here, there is no evidence that either the rule in question or its rationale is no longer tenable, we find that FERC's decision not to reconsider its own regulations can hardly be considered to be arbitrary and capricious.[2] *Cf. Tribune Co. v. Fed. Communications Comm'n,* 133 F.3d 61, 68 (D.C.Cir.1998) (citations omitted).

### III. CONCLUSION

For the reasons stated above, as well as in the district court's well-reasoned opin-

ion, we affirm the decision of the district court.

---

2. In view of our disposition of these claims on the merits, there is no need to address the statute of limitations issue.